UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELVIN HAWKINS,<br><br>    Plaintiff,<br><br>v.<br><br>PRINCIPIA BIOPHARMA INC., DAN BECKER, PATRICK MACHADO, ALAN B. COLOWICK, SIMEON GEORGE, SHAWN TOMASELLO, MARTIN BABLER, SHAOLEE LIN,<br><br>    Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kelvin Hawkins ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself and all others similarly situated, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Principia Biopharma Inc., ("Principia" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Principia's website concerning the Company's public statements; and (d) review of other publicly available information concerning Principia and the Defendants.

**NATURE OF THE ACTION**

1.  Plaintiff brings this action on behalf of the public shareholders of Principia against the Company and members of the Company's Board of Directors (the "Board" or the

"Individual Defendants") for violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Sanofi ("Parent") and Kortex Acquisition Corp. ("Merger Sub," and together with Parent, "Sanofi") (the "Proposed Transaction").

2. On August 16, 2020, Principia announced that the Company had entered into definitive agreement with Sanofi (the "Merger Agreement"), pursuant to which Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Principia's outstanding common stock for $100.00 per share in cash. The Tender Offer is scheduled to expire on September 25, 2020.

3. On August 28, 2020, the Company filed an incomplete and materially misleading Recommendation Statement with the SEC (the "Recommendation Statement") in connection with the Proposed Transaction. The Recommendation Statement omits material information concerning the Proposed Transaction.

4. Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Principia stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

5. As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act

7. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.  In addition, the Company's common stock trades on the NASDAQ Global Select Market ("NASDAQ"), which is headquartered in this District.

**THE PARTIES**

9. Plaintiff has been the owner of the common stock of Principia since prior to the transaction herein complained of and continuously to date.

10. Defendant Principia is a Delaware corporation with its principal executive offices located at 220 East Grand Avenue, South San Francisco, California 94080.  The Company's stock trades on the NASDAQ under the ticker "PRNB."

11. Defendant Dan Becker ("Becker") is and has been a director of the Company at all times during the relevant time period.

12. Defendant Patrick Machado ("Machado") is and has been a director of the Company at all times during the relevant time period.

13. Defendant Alan B. Colowick ("Colowick") is and has been the Chairman of the Board of the Company at all times during the relevant time period.

14. Defendant Simeon George ("George") is and has been a director of the Company at all times during the relevant time period.

15. Defendant Shawm Tomasello ("Tomasello") is and has been a director of the Company at all times during the relevant time period.

16. Defendant Martin Babler ("Babler") is and has been the Company's Chief Executive Officer, President, and a director of the Company at all times during the relevant time period.

17. Defendant Shao-Lee Lin ("Lin") is and has been a director of the Company at all times during the relevant time period.

18. Defendants Becker, Machado, Colowick, George, Tomasello, Babler, and Lin are collectively referred to herein as the "Individual Defendants."

19. Defendant Principia, along with the Individual Defendants, are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

20. Principia is a late-stage biopharmaceutical company focused on developing novel therapies for serious immune mediated diseases.

21. The Company's strategy is to build and advance a pipeline of best-in-class, oral drug candidates to address serious needs in immune-mediated diseases. The Company's wholly

4

owned BTK inhibitor, rilzabrutinib, is currently being developed in two disease indications, pemphigus and immune thrombocytopenia, and plans to initiate a Phase 2 clinical trial in patients with IgG4-related diseases.

22. In addition, PRN2246/SAR442168, our BTK inhibitor for central nervous system diseases, is currently being developed by Sanofi for multiple sclerosis.

23. Lastly, PRN473 Topical, a reversible covalent BTK inhibitor will be evaluated in Phase 1 clinical trials for immune-mediated diseases.

### The Company Announces the Proposed Transaction

24. On August 17, 2020, Principia issued a press release announcing that the Company had entered an agreement in connection with the Proposed Transaction. The press release stated, in pertinent part:

> **PARIS and SOUTH SAN FRANCISCO, Calif. – August 17, 2020 –** Sanofi and Principia Biopharma Inc. (NASDAQ: PRNB), a late-stage biopharmaceutical company focused on developing treatments for immune-mediated diseases, entered into a definitive agreement under which Sanofi will acquire all of the outstanding shares of Principia for $100 per share in cash, which represents an aggregate equity value of approximately $3.68 billion (on a fully diluted basis). The Sanofi and Principia Boards of Directors unanimously approved the transaction.
>
> *"This acquisition advances our ongoing R&D transformation to accelerate development of the most promising medicines that will address significant patient needs,"* said Paul Hudson, Sanofi Chief Executive Officer. *"The addition of multiple BTK inhibitors to our pipeline demonstrates our commitment to strategic product acquisitions in our priority therapeutic areas. Full ownership of our brain-penetrant BTK inhibitor '168 removes complexities for this priority development program and simplifies future commercialization."*
>
> *"The Phase 2b data in relapsing multiple sclerosis showed the strong potential of '168 to address disability and disease progression, and triggered the start of Phase 3 studies across the full spectrum of MS. Through this acquisition, we will be able to expand and accelerate development of BTK inhibitors across multiple indications. Both '168 and rilzabrutinib, have 'pipeline in a product' potential, and we look forward to unlocking their full treatment benefits across an array of*

5

*diseases,"* said John Reed, M.D., Ph.D., Global Head of Research & Development at Sanofi.

*"Principia's successful design and development of a whole portfolio of BTK inhibitors for immunology is aimed to transform the treatment for patients with immune-mediated diseases. By combining with Sanofi, we will bring significant resources to expand and accelerate the potential benefits of these therapies. The benefit of developing several BTK inhibitors will allow us to target specific organ systems for optimal patient benefit. The merger will provide global resources to get these novel therapies to patients faster,"* said Martin Babler, President and CEO at Principia Biopharma.

Principia's Bruton tyrosine kinase (BTK) inhibitors add to Sanofi's efforts to accelerate and build a portfolio of the next generation of transformative treatments for autoimmune diseases. BTK is present in the signaling pathways of key innate and adaptive cell types of the immune system. Being able to block or disrupt these signaling processes can help in stopping inflammation and tissue destruction related to autoimmune diseases and target some of the underlying pathophysiology.

*   *   *

The Principia BTK inhibitor franchise is based on its proprietary Tailored Covalency® platform that has generated potential best-in-class clinical candidates. The platform allows the design of both reversible covalent and irreversible covalent small molecule inhibitors that are more selective with less off-target effects. The optimized target residence time has potential to deliver a desired efficacy with a stronger safety profile.

In 2017, Sanofi formed a collaboration with Principia under which Principia granted Sanofi an exclusive, worldwide license to develop and commercialize BTK inhibitor '168 in multiple sclerosis and other central nervous system diseases.

**Transaction Terms**

Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Principia common stock for $100 per share in cash for a total enterprise value of approximately $3.36 billion.

The consummation of the tender offer is subject to customary closing conditions, including the tender of at least a majority of the outstanding shares of Principia common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Principia and the outstanding

Principia shares not tendered in the tender offer will be converted into the right to receive the same $100 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to finance the transaction with cash on hand. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the fourth quarter of 2020.

Evercore is acting as financial advisor to Sanofi and Weil, Gotshal & Manges LLP is acting as its legal counsel. Centerview Partners LLC and BofA Securities are acting as financial advisors to Principia and Cooley LLP is acting as its legal counsel.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT

25. On August 28, 2020, the Company authorized the filing of the Recommendation Statement with the SEC. The Recommendation Statement recommends that the Company's stockholders tender their shares in favor of the Proposed Transaction.

26. Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's unitholders to ensure that it did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresent and/or omit material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

### Material False and Misleading Statements or Material
### Misrepresentations or Omissions Regarding Managements Projections

27. The Recommendation Statement contains financial projections prepared by senior members of Principia's and Sanofi's management in connection with the Proposed Transaction, but fails to provide material information concerning such.

28. The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such

projections.[1] Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

29. In order to make management's projections included in the Recommendation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

30. Specifically, with respect to each set of financial projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including, but not limited to, all line items used to calculate: (i) Unlevered Free Cash Flow; and (ii) EBIT.

31. Disclosure of the above line item projections is vital to provide investors with the complete mix of information necessary to make an informed decision when deciding whether to tender their shares in connection with the Proposed Transaction.

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding Centerview's Opinion**

32. The Recommendation Statement contains the financial analyses and opinion of Centerview Partners LLC ("Centerview") concerning the Proposed Transaction but fails to provide material information concerning information concerning such.

33. With respect to Centerview's *Selected Public Company Analysis*, the Recommendation Statement fails to disclose the multiples and metrics for each of the companies observed in Centerview's analysis.

34. With respect to Centerview's *Selected Precedent Transaction Analysis*, the Recommendation Statement fails to disclose: (i) the multiples and metrics for each of the individual transactions observed in Centerview's analysis; and (ii) the number of fully-diluted outstanding Company shares.

35. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the inputs and assumptions underlying Centerview's selection of the discount rates ranging from 10.0% to 12.0%; (ii) the terminal values of Principia; (iii) the basis for Centerview's assumption that unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline of 75% year over year; and (iv) the number of fully-diluted outstanding Company shares.

36. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose the individual price targets observed in the analysis, as well as the sources thereof.

37. With respect to Centerview's *Premia Paid Analysis*, the Recommendation Statement fails to disclose the premiums paid in each of the individual transactions observed in Centerview's analysis.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding BofA's Opinion**

38. The Recommendation Statement contains the financial analyses and opinion of BofA Securities, Inc. ("BofA") concerning the Proposed Transaction but fails to provide material information concerning information concerning such.

39. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Recommendation Statement fails to disclose the multiples and metrics for each of the companies observed by BofA in the analysis.

40. With respect to BofA's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the terminal values for Principia; (ii) the basis for BofA's application of an assumed perpetuity growth rate of negative 75% after calendar year 2041; (iii) the inputs and assumptions underlying BofA's selection of the discount rates ranging from 10.00 % to 12.00%; and (iv) the number of fully-diluted Company shares outstanding.

41. With respect to BofA's *Wall Street Analyst Price Targets* analysis, the Recommendation Statement fails to disclose the individual price targets observed by BofA in the analysis, as well as the sources thereof.

42. With respect to BofA's *Premia Calculations* analysis, the Recommendation Statement fails to disclose the specific transactions observed in the analysis, as well as the premiums paid in each transaction observed by BofA in the analysis.

43. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to

better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

44. Without the above described information, the Company's shareholders are not fully informed with respect to the Proposed Transaction. Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(d) of the Exchange Act and Rule 14d-9 Promulgated Thereunder)

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

47. As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

48. Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to Principia shareholders. In doing so, Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

49. The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a

reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

50. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Principia's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

51. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

52. Principia is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

53. Defendants knew that Plaintiff and other shareholders would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

54. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

55. Plaintiff has no adequate remedy at law.

## COUNT II

**(Against All Defendants for Violation
Of Section 14(e) of the Exchange Act)**

56. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

57. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

58. Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

59. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

## COUNT III

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

60. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

61. The Individual Defendants acted as controlling persons of Principia within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Principia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

62. Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

63. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

64. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

65. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

66. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C. Directing Defendants to account to Plaintiff for their damages sustained because of the wrongs complained of herein;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: September 8, 2020

Respectfully submitted,

By: /s/ Joshua M. Lifshitz
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*